RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MAR 2 1 2008

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

LISA PARKER; CONNIE FREEMAN;          )
MICHAEL and DEBBIE JONES;             )
WILLIAM KERVIN; JANIE JONES;          )
ROBERT and MICHELLE PRATER;           )
LaFRANCO BRIDGES; and MATTIE PACE;    )
                                      )
       Plaintiffs,                    )
                                      )
v.                                    ) CASE NUMBER: 2:08cv205-SRW
                                      )
AMERIQUEST MORTGAGE COMPANY,          )
INC.; AMC MORTGAGE SERVICES, INC.;    )
ACC CAPITAL HOLDINGS CORPORATION; )
and CITI RESIDENTIAL LENDING, INC.;   )    DEMAND FOR JURY TRIAL
                                      )
       Defendants.                    )

---

## COMPLAINT

---

**COME NOW** the Plaintiffs and as their Complaint against the defendants aver as

follows:

### INTRODUCTION

1.      This suit is brought by a number of consumers residing in this district who

entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company

("Ameriquest").    Some of these loans were subsequently assigned to the other

Defendants.  Each of the Plaintiffs asserts claims against Defendant Ameriquest arising

under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.    All of the

Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the

same legal theories, require application of the same legal principals and require the same

or similar factual determinations.  Each of the Plaintiffs alleges that Ameriquest, the

originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.      Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned

2

subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.    Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.    Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing, or has otherwise obtained the loans of Lisa Parker, Michael & Debbie Jones, William Kervin, Janie Jones, and LaFranco Bridges, and claims the right to receive payments thereunder and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

8.    Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

9.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower receive *two* (2) copies of *completed* notices specifying the precise day

3

upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added).

This notice is required to be on a separate piece of paper and it must contain the date the

rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is

not provided, then the right to cancel extends up to three years after the date of the loan.

15 U.S.C. § 1635(f).

      10.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission

pursuant to 15 U.S.C. § 1641(c).

      11.     A consumer may exercise the right to cancel a transaction by delivery of a

written notification of the consumer's election to cancel the transaction to the creditor's

place of business. Notice is effective upon mailing and notice on the agent servicing the

loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

      12.     When a consumer rescinds a transaction, the security interest giving rise to

the right of rescission immediately becomes void and the consumer is not liable for any

amount, including any finance charge. 15 U.S.C. § 1635(b).

      13.     Within twenty (20) days after the receipt of a consumer's election to

cancel the transaction, the creditor must return to the consumer all money or property

given, including all interest and finance charges paid, and shall take all action necessary

or appropriate to reflect the termination of any security interest created under the

transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of

the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the

voiding of the security interest and return to the borrower of all money received from the

borrower, the borrower may have an obligation to tender the loan proceeds to the creditor

to the extent practicable or equitable.

4

14.    As to each of the Plaintiffs' loans, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

15.    With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

16.    Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

17.    Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest, and also Citi for some of the loans, of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest and/or Citi has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

18.    Ameriquest and Citi are a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Parker Loan**

19.    Plaintiff Lisa Parker is an adult resident of Autauga County, Alabama and at all material times resided at 425 Water Street in Prattville, Alabama.

20.    On or about March 24, 2005, Ms. Parker obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $79,400 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Parker Loan").

21.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

22.    With respect to the Parker loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

23.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Parker retained her right to cancel the transaction.

24.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

25.    By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

6

26.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

27.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

28.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

<div align="center">

**COUNT ONE**
**TILA Violations- Parker**

</div>

29.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

30.    Plaintiff has properly and effectively cancelled and rescinded the Parker Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

31.    Defendants have violated TILA, with respect to the Parker Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Lisa Parker respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Parker Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Freeman Loan**

32.     Plaintiff Connie Freeman is an adult resident of Elmore County, Alabama and at all material times resided at 95 Pinewood Drive in Millbrook, Alabama.

33.     On or about March 30, 2005, Ms. Parker obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $82,422 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Freeman Loan").

34.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

35.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Freeman retained her right to cancel the transaction.

36.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

37.     By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

38.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

39.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure

to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

40.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT TWO
## TILA Violations- Freeman

41.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

42.    Plaintiff has properly and effectively cancelled and rescinded the Freeman Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

43.    Defendants have violated TILA, with respect to the Freeman Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Connie Freeman respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

10

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Freeman Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

## The Jones Loan (1)

44.   Plaintiffs Michael and Debbie Jones are adult residents of Lee County, Alabama and at all material times resided at 160 Lee Road 997 in Phenix City, Alabama.

45.   On or about July 27, 2005, Mr. and Mrs. Jones obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $117,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Jones Loan (1)").

46.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

47.    With respect to the Jones Loan (1), Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

48.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Jones retained their right to cancel the transaction.

49.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

50.    By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

51.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

52.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT THREE
### TILA Violations- Jones (1)

54.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

55.     Plaintiffs have properly and effectively cancelled and rescinded the Jones Loan (1) in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendants have violated TILA, with respect to the Jones Loan (1), in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Michael and Debbie Jones respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Jones Loan (1), including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Kervin Loan**

57.    Plaintiff William Kervin is an adult resident of Covington County, Alabama, and at all material times resided at 13422 Pinewood Road in Andalusia, Alabama.

58.    On or about December 19, 2005, Mr. Kervin obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $70,710 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Kervin Loan").

14

59.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

60.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Kervin retained his right to cancel the transaction.

61.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

62.    By letter dated February 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

63.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

64.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

65.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT FOUR
### TILA Violations- Kervin

66.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

67.    Plaintiff has properly and effectively cancelled and rescinded the Kervin Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

68.    Defendants have violated TILA, with respect to the Kervin Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff William Kervin respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Kervin Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

16

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jones Loan (2)**

69.    Plaintiff Janie Jones is an adult resident of Chambers County, Alabama, and at all material times resided at 7 Laurel Drive in Valley, Alabama.

70.    On or about February 2, 2006, Ms. Jones obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $100,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jones Loan (2)").

71.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

72.    With respect to the Jones Loan (2), Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation

17

period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

73.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Jones retained her right to cancel the transaction.

74.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

75.    By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

76.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

77.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

78.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**COUNT FIVE**
**TILA Violations- Jones (2)**

79.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

80.    Plaintiff has properly and effectively cancelled and rescinded the Jones Loan (2) in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

81.    Defendants have violated TILA, with respect to the Jones Loan (2), in at least the following ways:

   (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

   (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Janie Jones respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

   A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

   B)    Actual damages in an amount to be determined at trial;

   C)    Rescission of the Jones Loan (2), including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

   D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Prater Loan**

82.    Plaintiffs Robert and Michelle Prater are adult residents of Lee County, Alabama and at all material times resided at 512 Lee Road 207 in Phenix City, Alabama.

83.    On or about April 25, 2006, Mr. and Mrs. Prater obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $104,338 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Prater Loan").

84.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

85.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Prater retained their right to cancel the transaction.

86.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

87.    By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

88.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

89.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

90.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT SIX
## TILA Violations- Prater

91.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

92.    Plaintiffs have properly and effectively cancelled and rescinded the Prater Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

93.    Defendants have violated TILA, with respect to the Prater Loan, in at least the following ways:

(A)  By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)  By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Robert and Michelle Prater respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)  Statutory damages as provided in 15 U.S.C. § 1640(a);

B)  Actual damages in an amount to be determined at trial;

C)  Rescission of the Prater Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)  A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)  A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Bridges Loan**

94.    Plaintiff LaFranco Bridges is an adult resident of Lee County, Alabama, and at all material times resided at 3000 Park Court in Opelika, Alabama.

95.    On or about June 27, 2006, Mr. Bridges obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $94,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Bridges Loan").

96.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

97.    With respect to the Bridges Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

98.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Bridges retained his right to cancel the transaction.

99.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

100.    By letter dated February 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

101.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

102.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

103.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT SEVEN
### TILA Violations- Bridges

104.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

105.    Plaintiff has properly and effectively cancelled and rescinded the Bridges Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

106.    Defendants have violated TILA, with respect to the Bridges Loan, in at least the following ways:

24

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff LaFranco Bridges respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Bridges Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;


G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Pace Loan**

107.    Plaintiff Mattie Pace is an adult resident of Macon County, Alabama, and at all material times resided at 1406 Shipyard Street in Tuskegee, Alabama.

108.    On or about November 28, 2006, Ms. Pace obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Pace Loan").

109.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

110.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Pace retained her right to cancel the transaction.

111.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

112.    By letter dated February 11, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

113.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

114.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

115.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT EIGHT
### TILA Violations- Pace

116.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

117.    Plaintiff has properly and effectively cancelled and rescinded the Pace Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

118.    Defendants have violated TILA, with respect to the Pace Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Mattie Pace respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Pace Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**[SIGNATURES TO APPEAR ON FOLLOWING PAGE]**

WILLIAM H. ROBERTSON, V
ASB-9142-L74R

C. LANCE GOULD
ASB-0913-G66C
Attorneys for Plaintiffs

**OF COUNSEL:**
**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

OF COUNSEL

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

AMC Mortgage Services, Inc.
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

ACC Capital Holdings Corporation
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

Citi Residential Lending, Inc.
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004395
Cashier ID: khaynes
Transaction Date: 03/21/2008
Payer Name: BEASLEY ALLEN CROW METHVIN
------------------------------------
CIVIL FILING FEE
 For: BEASLEY ALLEN CROW METHVIN
 Case/Party: D-ALM-2-08-CV-000205-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 186409
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

LISA PARKER ET AL V. AMERIQUEST
MORTGAGE COMPANY ET AL
```