**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| LISA PARKER; et al., | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:08-cv-00205-SRW** |
| | ) | |
| AMERIQUEST MORTGAGE | ) | |
| COMPANY, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT**
**AMC MORTGAGE SERVICES INC.**

Defendant AMC Mortgage Services Inc., ("AMC" or "Defendant") respectfully submits the following Answer to the Plaintiffs' Complaint:

**INTRODUCTION**

1.    AMC denies the allegations of paragraph 1 of the Complaint and demands strict proof thereof.

**JURISDICTION**

2.    To the extent that Plaintiffs may maintain this action, which AMC denies, then AMC admits that federal subject matter jurisdiction exists.

**THE PARTIES**

3.    AMC is without sufficient information to either admit or deny the allegations contained in paragraph 3 of the Complaint.  Therefore, AMC denies the same and demands strict proof thereof.

4.      AMC is without sufficient information to either admit or deny the allegations contained in paragraph 4 of the Complaint.  Therefore, AMC denies the same and demands strict proof thereof.

5.      AMC admits that it is a corporation and that its business involved residential mortgage loans.  AMC denies the remaining allegations of paragraph 5 of the Complaint and demands strict proof thereof.

6.      AMC is without sufficient information to either admit or deny the allegations contained in paragraph 6 of the Complaint.  Therefore, AMC denies the same and demands strict proof thereof.

7.      AMC is without sufficient information to either admit or deny the allegations contained in paragraph 7 of the Complaint.  Therefore, AMC denies the same and demands strict proof thereof.

## **FACTS**

### **Applicable Truth in Lending Act Requirements**

8.      To the extent the allegations contained in paragraph 8 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9.      To the extent the allegations contained in paragraph 9 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 9 of the Complaint and demands strict proof thereof.

10.      To the extent the allegations contained in paragraph 10 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 10 of the Complaint and demands strict proof thereof.

11.    To the extent the allegations contained in paragraph 11 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12.    To the extent the allegations contained in paragraph 12 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 12 of the Complaint and demands strict proof thereof.

13.    To the extent the allegations contained in paragraph 13 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 13 of the Complaint and demands strict proof thereof.

14.    AMC denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15.    AMC denies the allegations of paragraph 15 of the Complaint and demands strict proof thereof.

16.    To the extent the allegations contained in paragraph 16 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 16 of the Complaint and demands strict proof thereof.

17.    AMC denies the allegations of paragraph 17 of the Complaint and demands strict proof thereof.

18.    To the extent the allegations contained in paragraph 18 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 18 of the Complaint and demands strict proof thereof.

**The Parker Loan**

19.    AMC is without sufficient information to admit or deny the allegations of paragraph 19 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

20.    AMC currently is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

21.    AMC denies the allegations of paragraph 21 of the Complaint and demands strict proof thereof.

22.    AMC denies the allegations of paragraph 22 of the Complaint and demands strict proof thereof.

23.    AMC denies the allegations of paragraph 23 of the Complaint and demands strict proof thereof.

24.    AMC denies the allegations of paragraph 24 of the Complaint and demands strict proof thereof.

25.    AMC denies the allegations of paragraph 25 of the Complaint and demands strict proof thereof.

26.    To the extent the allegations contained in paragraph 26 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 26 of the Complaint and demands strict proof thereof.

27.    AMC denies the allegations of paragraph 27 of the Complaint and demands strict proof thereof.

28.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT ONE

## TILA Violations - Parker

29.     AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 28 as if fully set forth herein.

30.     AMC denies the allegations of paragraph 30 of the Complaint and demands strict proof thereof.

31.     AMC denies the allegations of paragraph 31 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 31, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

## The Freeman Loan

32.     AMC is without sufficient information to admit or deny the allegations contained within paragraph 32 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

33.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 33 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

34.     AMC denies the allegations of paragraph 34 of the Complaint and demands strict proof thereof.

35.     AMC denies the allegations of paragraph 35 of the Complaint and demands strict proof thereof.

36.     AMC denies the allegations of paragraph 36 of the Complaint and demands strict proof thereof.

37.     AMC denies the allegations of paragraph 37 of the Complaint and demands strict proof thereof.

38.     To the extent the allegations contained in paragraph 38 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 38 of the Complaint and demands strict proof thereof.

39.     AMC denies the allegations of paragraph 39 of the Complaint and demands strict proof thereof.

40.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 40 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT TWO

### TILA Violations - Freeman

41.     AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 40 as if fully set forth herein.

42.     AMC denies the allegations of paragraph 42 of the Complaint and demands strict proof thereof.

43.     AMC denies the allegations of paragraph 43 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 43, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

## The Jones Loan (1)

44.     AMC is without sufficient information to admit or deny the allegations contained within paragraph 44 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

45.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 45 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

46.     AMC denies the allegations of paragraph 46 of the Complaint and demands strict proof thereof.

47.     AMC denies the allegations of paragraph 47 of the Complaint and demands strict proof thereof.

48.     AMC denies the allegations of paragraph 48 of the Complaint and demands strict proof thereof.

49.     AMC denies the allegations of paragraph 49 of the Complaint and demands strict proof thereof.

50.     AMC denies the allegations of paragraph 50 of the Complaint and demands strict proof thereof.

51.     To the extent the allegations contained in paragraph 51 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 51 of the Complaint and demands strict proof thereof.

52.     AMC denies the allegations of paragraph 52 of the Complaint and demands strict proof thereof.

53.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 53 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT THREE

### TILA Violations – Jones (1)

54.     AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 53 as if fully set forth herein.

55.     AMC denies the allegations of paragraph 55 of the Complaint and demands strict proof thereof.

56.     AMC denies the allegations of paragraph 56 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof

As to the "WHEREFORE" paragraph following paragraph 56, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

### The Kervin Loan

57.     AMC is without sufficient information to admit or deny the allegations contained within paragraph 57 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

58.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 58 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

59.    AMC denies the allegations of paragraph 59 of the Complaint and demands strict proof thereof.

60.    AMC denies the allegations of paragraph 60 of the Complaint and demands strict proof thereof.

61.    AMC denies the allegations of paragraph 61 of the Complaint and demands strict proof thereof.

62.    AMC denies the allegations of paragraph 62 of the Complaint and demands strict proof thereof.

63.    To the extent the allegations contained in paragraph 63 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 63 of the Complaint and demands strict proof thereof.

64.    AMC denies the allegations of paragraph 64 of the Complaint and demands strict proof thereof.

65.    AMC currently is without sufficient information to admit or deny the allegations of paragraph 65 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT FOUR

### TILA Violations - Kervin

66.    AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 65 as if fully set forth herein.

67.    AMC denies the allegations of paragraph 67 of the Complaint and demands strict proof thereof.

68.     AMC denies the allegations of paragraph 68 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 68, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

### The Jones Loan (2)

69.     AMC is without sufficient information to admit or deny the allegations of paragraph 69 of the Complaint and therefore AMC denies these allegations and demands strict proof thereof.

70.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 70 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

71.     AMC denies the allegations of paragraph 71 of the Complaint and demands strict proof thereof.

72.     AMC denies the allegations of paragraph 72 of the Complaint and demands strict proof thereof.

73.     AMC denies the allegations of paragraph 73 of the Complaint and demands strict proof thereof.

74.     AMC denies the allegations of paragraph 74 of the Complaint and demands strict proof thereof.

75.     AMC denies the allegations of paragraph 75 of the Complaint and demands strict proof thereof.

76.     To the extent the allegations contained in paragraph 76 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 76 of the Complaint and demands strict proof thereof.

77.     AMC denies the allegations of paragraph 77 of the Complaint and demands strict proof thereof.

78.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 78 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT FIVE

### TILA Violations – Jones (2)

79.     AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 78 as if fully set forth herein.

80.     AMC denies the allegations of paragraph 80 of the Complaint and demands strict proof thereof.

81.     AMC denies the allegations of paragraph 81 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 81, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

### The Prater Loan

82.     AMC is without sufficient information to admit or deny the allegations of paragraph 82 of the Complaint and therefore AMC denies these allegations and demands strict proof thereof.

83. AMC currently is without sufficient information to admit or deny the allegations of paragraph 83 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

84. AMC denies the allegations of paragraph 84 of the Complaint and demands strict proof thereof.

85. AMC denies the allegations of paragraph 85 of the Complaint and demands strict proof thereof.

86. AMC denies the allegations of paragraph 86 of the Complaint and demands strict proof thereof.

87. AMC denies the allegations of paragraph 87 of the Complaint and demands strict proof thereof.

88. To the extent the allegations contained in paragraph 88 call for a legal conclusion, AMC is not required to respond to the same. AMC denies the remaining allegations of paragraph 88 of the Complaint and demands strict proof thereof.

89. AMC denies the allegations of paragraph 89 of the Complaint and demands strict proof thereof.

90. AMC currently is without sufficient information to admit or deny the allegations of paragraph 90 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT SIX

### TILA Violations - Prater

91. AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 90 as if fully set forth herein.

92.     AMC denies the allegations of paragraph 92 of the Complaint and demands strict proof thereof.

93.     AMC denies the allegations of paragraph 93 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 93, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

## The Bridge Loan

94.     AMC is without sufficient information to admit or deny the allegations of paragraph 94 of the Complaint and therefore AMC denies these allegations and demands strict proof thereof.

95.     AMC currently is without sufficient information to admit or deny the allegations of paragraph 95 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

96.     AMC denies the allegations of paragraph 96 of the Complaint and demands strict proof thereof.

97.     AMC denies the allegations of paragraph 97 of the Complaint and demands strict proof thereof.

98.     AMC denies the allegations of paragraph 98 of the Complaint and demands strict proof thereof.

99.     AMC denies the allegations of paragraph 99 of the Complaint and demands strict proof thereof.

100.    AMC denies the allegations of paragraph 100 of the Complaint and demands strict proof thereof.

101.    To the extent the allegations contained in paragraph 101 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 101 of the Complaint and demands strict proof thereof.

102.    AMC denies the allegations of paragraph 102 of the Complaint and demands strict proof thereof.

103.    AMC currently is without sufficient information to admit or deny the allegations of paragraph 103 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT SEVEN

## TILA Violations - Bridges

104.    AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 103 as if fully set forth herein.

105.    AMC denies the allegations of paragraph 105 of the Complaint and demands strict proof thereof.

106.    AMC denies the allegations of paragraph 106 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 106, including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

**The Pace Loan**

107.    AMC is without sufficient information to admit or deny the allegations of paragraph 107 of the Complaint and therefore AMC denies these allegations and demands strict proof thereof.

108.    AMC currently is without sufficient information to admit or deny the allegations of paragraph 108 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

109.    AMC denies the allegations of paragraph 109 of the Complaint and demands strict proof thereof.

110.    AMC denies the allegations of paragraph 110 of the Complaint and demands strict proof thereof.

111.    AMC denies the allegations of paragraph 111 of the Complaint and demands strict proof thereof.

112.    AMC denies the allegations of paragraph 112 of the Complaint and demands strict proof thereof.

113.    To the extent the allegations contained in paragraph 113 call for a legal conclusion, AMC is not required to respond to the same.  AMC denies the remaining allegations of paragraph 113 of the Complaint and demands strict proof thereof.

114.    AMC denies the allegations of paragraph 114 of the Complaint and demands strict proof thereof.

115.    AMC currently is without sufficient information to admit or deny the allegations of paragraph 115 of the Complaint and therefore AMC denies those allegations and demands strict proof thereof.

## COUNT EIGHT

### TILA Violations - Pace

116.     AMC adopts and realleges the defenses, denials, and averments contained in paragraphs 1 through 115 as if fully set forth herein.

117.     AMC denies the allegations of paragraph 117 of the Complaint and demands strict proof thereof.

118.     AMC denies the allegations of paragraph 118 of the Complaint, including sub-paragraphs A-B, and demands strict proof thereof.

As to the "WHEREFORE" paragraph following paragraph 118 including subparagraphs A – H, AMC denies all allegations contained therein and further denies that Plaintiffs are entitled to the relief requested therein, or any other relief.

### AFFIRMATIVE DEFENSES

1.     The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.     The Plaintiffs' claims are barred if and to the extent that any contracts and agreements executed by and between Plaintiffs and Defendant, and at issue in this action, contain valid and binding jury trial waivers and/or predispute arbitration provisions by which Plaintiffs agreed to arbitrate all disputes arising thereunder.

3.     If and to the extent that any allegation requiring a denial from Defendant is not denied in the foregoing Answer, Defendant denies the same and demands strict proof thereof.

4.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, ratification, consent, acquiescence, unclean hands, collateral estoppel, res judicata, and/or laches.

5.    Plaintiffs' claims are barred by applicable statutes of limitations and/or repose.

6.    Plaintiffs' alleged injuries and damages, if any, were not proximately caused by any alleged act, omission, representation (whether written or oral), or silence of Defendant.

7.    Plaintiffs' claims are barred by the Parol Evidence Rule and/or by Plaintiffs' failure to mitigate their damages.

8.    Plaintiffs' claims are barred or diminished by Defendant's right to set-off and/or recoupment.

9.    Plaintiffs' claims are barred by failure of consideration.

10.    Defendant has not committed any wrongful, illegal, or inappropriate act, and Defendant has not breached any duty owed to Plaintiffs, if any exists (which Defendant denies).

11.    Defendant has not violated any code, regulation, statute, law or section of the codes of any State or of the United States.

12.    All of Defendant's actions were in compliance with the terms of any agreement(s) at issue in this litigation.

13.    Plaintiff's claims are barred because the Plaintiffs failed to properly cancel their loan application.

14.    Plaintiffs' allegations are barred insofar as they are inconsistent with any contractual agreements entered into by the parties which control the dispute and/or allegations asserted by the Plaintiffs.

15.    Defendant acted in good faith and in conformity with any official Federal Reserve Board rule or regulation or any interpretation of or approval by any duly authorized Federal Reserve System official or employee.

16.    At all times relevant hereto, Defendant acted in good faith, reasonably, justifiably, pursuant to Defendant's lawful rights, and with due care and diligence and without malice or intent to injure Plaintiffs.

17.    Defendant denies that its employees engaged in any wrongful conduct.  In addition, the alleged wrongful conduct was outside the line and scope of the employees of Defendant, and Defendant did not ratify or authorize the alleged wrongful conduct.

18.    Defendant pleads the limitations on punitive damages set forth in the United States Supreme Court's decision in Cooper Indus, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), including the issue of whether punitive damages is an issue to be decided by the jury.

19.    Any claim by Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling on the case of  BMW v. Gore, 116 S.Ct. 1589 (1996).

20.    Plaintiffs' claims for punitive damages are barred due to the absence of any legal malice, willfulness, wantonness, recklessness, insult, or other aggravating circumstances, and due to the absence of any known violation of Plaintiffs' rights.

21.    Plaintiffs are not entitled to recover punitive damages, under any circumstances, for the claims that are based on contract theories.

22.    Plaintiffs are barred from recovering any legal and/or equitable relief from Defendant to the extent that this Court lacks personal jurisdiction over Defendant.

23.     Plaintiffs are barred from recovering any legal and/or equitable relief from Defendant to the extent that this venue is improper as to Defendant.

24.     Plaintiffs are barred from recovering any legal and/or equitable relief from Defendant to the extent that process and/or service of process were insufficient as to Defendant in this action.

25.     Plaintiffs are barred from recovering any legal and/or equitable relief from Defendant to the extent that any of Plaintiffs' claim(s) are barred and/or limited by the applicable provisions of any applicable State's Commercial Code.

26.     Plaintiffs' State law claims, if any, are preempted by federal law.

27.     Plaintiffs' claims are barred if and to the extent that Plaintiffs failed to exhaust administrative remedies prior to filing the Complaint in this action.

28.     The Plaintiffs' claims are barred for the reason that TILA, if interpreted as Plaintiffs seek to have it interpreted, would deprive the Defendant(s) of property without just compensation and/or due process and would violate the Fifth and Fourteenth Amendments to the United States Constitution.

29.     The Plaintiffs' claims are barred by the integration and/or merger clause(s) in any contracts at issue, and further because said contracts were not modified, if at all, pursuant to a writing signed by all parties.

30.     Defendant expressly reserves the right to amend its answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

Respectfully submitted,


/s/  Robin L. Beardsley_
Kerry P. McInerney (MCI015)
Robin L. Beardsley (BEA066)
Attorneys for
AMC Mortgage Services, Inc.



**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    (205) 930-5100
Fax:    (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William H. Robertson, V, Esq.
C. Lance Gould, Esq.
Beasley, Allen, Crow, Methvin
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36130-4160

/s/ Robin Beardsley
Of Counsel