**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **LISA PARKER; et al.,** )<br>)<br>)<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**AMERIQUEST MORTGAGE COMPANY,** )<br>**INC.; et al.,** )<br>)<br>    **Defendants.** )<br>)<br>_____ ) | **CASE NO.: 2:08-cv-00205-SRW** |

---

## JOINT NOTICE OF STAY AND JOINT MOTION FOR STAY OF ALL PROCEEDINGS

---

All Plaintiffs and all Defendants jointly move this Honorable Court to stay the implementation and enforcement of the Federal Rules of Civil Procedure in the above styled cause of action on the following grounds:

1.  On or about March 26, 2008, the Plaintiffs filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation which will conditionally transfer this case to the Northern District of Illinois for consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407. A copy of the Notice of Potential Tag-Along Action is attached herewith as Exhibit 1.

2.  On or about April 1, 2008, the Defendants filed a Notice of Related Actions with the Judicial Panel on Multidistrict Litigation in Northern District of Illinois, MDL Docket No. 1715. A copy of the Notice of Related Actions is attached herewith as Exhibit 2.

3.     Good cause exists to grant this Motion to Stay Proceedings because the central issues in this case are identical to the central issues in many of the cases already transferred to MDL 1715.

4.     Good cause further exists because staying this action pending the MDL Panel's decision will preserve judicial resources and avoid any prejudice to Defendants.

5.     The parties expect a transfer order to be entered in the near future.

6.     This lawsuit is in its infancy and a temporary stay order will not prejudice any of the parties. To the contrary, the parties may be prejudiced if forced to spend resources in the instant action and the MDL Panel later transfers the matter to MDL 1715. Proceeding in this lawsuit will also waste judicial resources if the MDL Panel later transfers the lawsuit.

7.     This Motion is based on this Notice, the attached documents, and the complete files and records in this action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs and Defendants jointly move the court to stay enforcement of the applicable Federal and local rules pending the final transfer order and for such other relief as may be appropriate.

Respectfully submitted this the 16th day of April, 2008.

/s/ Robin L. Beardsley
Kerry P. McInerney (MCI015)
Robin L. Beardsley (BEA066)
Attorneys for Defendants

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    (205) 930-5100
Fax:    (205) 930-5335

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William H. Robertson, V, Esq.
C. Lance Gould, Esq.
Beasley, Allen, Crow, Methvin
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36130-4160

/s/ Robin Beardsley
Of Counsel

# EXHIBIT

# 1

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION

**PLEASE STAMP AND RETURN**

| | | |
|---|---|---|
| In re: AMERIQUEST MORTGAGE CO. | ) | |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | MDL Docket No. 1715 |
| | ) | |

### NOTICE OF POTENTIAL TAG-ALONG ACTION

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rules 7.2(i) and 7.5(e), the undersigned counsel for the Plaintiffs gives notice of the following tag-along actions: *Lisa Parker; et al. v. Ameriquest Mortgage Company, Inc.*, Case No. 2:08-cv-205 (Middle District of Alabama) Judge Susan R. Walker presiding. A true and correct copy of the complaint in the Tag-along Action is attached as Exhibit A.

Plaintiffs in this Tag-along Action are plaintiffs in the putative national class actions transferred by the Panel to the Northern District of Illinois for consolidated and coordinated pretrial proceedings (the "Borrowers' Consolidated Class"). This Tag-along Action alleges the same general conduct, claim the same injury and see the same relief as the Borrowers' Consolidated Class Action. Likewise, this Tag-along Action relies upon the same legal theories, requires the same or similar factual determinations, and is governed by the same law.

Therefore, the Plaintiffs respectfully request that the Panel transfer this Tag-along Action to the Northern District of Illinois pursuant to J.P.M.L. Rule 7.4.

Respectfully submitted this 24th day of March, 2008.

_____, V
WILLIAM H. ROBERTSON, V

_____
C. LANCE GOULD
Attorneys for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
bill.robertson@beasleyallen.com
lance.gould@beasleyallen.com

2

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MAR 2 1 2008

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

LISA PARKER; CONNIE FREEMAN;       )
MICHAEL and DEBBIE JONES;          )
WILLIAM KERVIN; JANIE JONES;       )
ROBERT and MICHELLE PRATER;        )
LaFRANCO BRIDGES; and MATTIE PACE; )
                                   )
    Plaintiffs,                    )
                                   )
v.                                 ) CASE NUMBER: 2:08CV205-SRW
                                   )
AMERIQUEST MORTGAGE COMPANY,       )
INC.; AMC MORTGAGE SERVICES, INC.; )
ACC CAPITAL HOLDINGS CORPORATION;  )
and CITI RESIDENTIAL LENDING, INC.;)   **DEMAND FOR JURY TRIAL**
                                   )
    Defendants.                    )

---

## COMPLAINT

---

COME NOW the Plaintiffs and as their Complaint against the defendants aver as follows:

### INTRODUCTION

1.      This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest"). Some of these loans were subsequently assigned to the other Defendants. Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest, the



EXHIBIT
A

originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.      Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned

subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.    Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.    Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing, or has otherwise obtained the loans of Lisa Parker, Michael & Debbie Jones, William Kervin, Janie Jones, and LaFranco Bridges, and claims the right to receive payments thereunder and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

8.    Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

9.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower receive *two* (2) copies of *completed* notices specifying the precise day

3

upon which the cancellation period expires.  12 C.F.R. § 226.23(b)(1) (emphasis added).
This notice is required to be on a separate piece of paper and it must contain the date the
rescission period ends.  12 C.F.R. § 226.23(b)(1).  If the required notice of cancellation is
not provided, then the right to cancel extends up to three years after the date of the loan.
15 U.S.C. § 1635(f).

      10.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission
pursuant to 15 U.S.C. § 1641(c).

      11.    A consumer may exercise the right to cancel a transaction by delivery of a
written notification of the consumer's election to cancel the transaction to the creditor's
place of business.  Notice is effective upon mailing and notice on the agent servicing the
loan is effective notice on the holder of the mortgage.  12 C.F.R. § 226.23(a)(2).

      12.    When a consumer rescinds a transaction, the security interest giving rise to
the right of rescission immediately becomes void and the consumer is not liable for any
amount, including any finance charge.  15 U.S.C. § 1635(b).

      13.    Within twenty (20) days after the receipt of a consumer's election to
cancel the transaction, the creditor must return to the consumer all money or property
given, including all interest and finance charges paid, and shall take all action necessary
or appropriate to reflect the termination of any security interest created under the
transaction.  15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).  Upon and after performance of
the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the
voiding of the security interest and return to the borrower of all money received from the
borrower, the borrower may have an obligation to tender the loan proceeds to the creditor
to the extent practicable or equitable.

14.    As to each of the Plaintiffs' loans, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

15.    With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

16.    Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

17.    Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest, and also Citi for some of the loans, of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest and/or Citi has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

18.    Ameriquest and Citi are a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Parker Loan**

19.    Plaintiff Lisa Parker is an adult resident of Autauga County, Alabama and at all material times resided at 425 Water Street in Prattville, Alabama.

20.    On or about March 24, 2005, Ms. Parker obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $79,400 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Parker Loan").

21.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

22.    With respect to the Parker loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

23.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Parker retained her right to cancel the transaction.

24.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

25.    By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

6

26.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

27.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

28.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT ONE
## TILA Violations- Parker

29.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

30.    Plaintiff has properly and effectively cancelled and rescinded the Parker Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

31.    Defendants have violated TILA, with respect to the Parker Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Lisa Parker respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Parker Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Freeman Loan**

32.     Plaintiff Connie Freeman is an adult resident of Elmore County, Alabama and at all material times resided at 95 Pinewood Drive in Millbrook, Alabama.

33.     On or about March 30, 2005, Ms. Parker obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $82,422 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Freeman Loan").

34.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

35.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Freeman retained her right to cancel the transaction.

36.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

37.     By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

38.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

39.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure

to take such steps is a violation of Section 1635(b) of TILA and contrary to that
provision's clear edict stating that said security interest is void upon delivery of the notice
of the election to cancel.

40.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to
cancel, retained a security interest in the real estate used by Plaintiff as her principal
dwelling.

## COUNT TWO
## TILA Violations- Freeman

41.    Plaintiff realleges all the preceding allegations referenced as if set out here
in full.

42.    Plaintiff has properly and effectively cancelled and rescinded the Freeman
Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

43.    Defendants have violated TILA, with respect to the Freeman Loan, in at
least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C.
          § 1635(b), including the steps necessary or appropriate to reflect
          the termination of the security interest and returning all money
          paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the
          transaction.

WHEREFORE, Plaintiff Connie Freeman respectfully requests that this Court
enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a),
award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Freeman Loan, including a declaration that the Plaintiff
is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under
the mortgage transaction is void, and an order requiring Ameriquest to
release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone,
including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to
Ameriquest, but in the alternative, if tender is required, a determination of
the amount of tender obligation in light of all of the Plaintiff's claims, and
an order requiring Ameriquest to accept tender on reasonable terms and
over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jones Loan (1)**

44.    Plaintiffs Michael and Debbie Jones are adult residents of Lee County,
Alabama and at all material times resided at 160 Lee Road 997 in Phenix City, Alabama.

45.    On or about July 27, 2005, Mr. and Mrs. Jones obtained a residential real
estate mortgage loan with Ameriquest. The total amount of the loan was $117,000 and
was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter
referred to as the "Jones Loan (1)").

11

46.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.  The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

47.    With respect to the Jones Loan (1), Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

48.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Jones retained their right to cancel the transaction.

49.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

50.    By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

51.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

52.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that

provision's clear edict stating that said security interest is void upon delivery of the notice

of the election to cancel.

53.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to

cancel, retained a security interest in the real estate used by Plaintiffs as their principal

dwelling.

### COUNT THREE
### TILA Violations- Jones (1)

54.    Plaintiffs reallege all the preceding allegations referenced as if set out here

in full.

55.    Plaintiffs have properly and effectively cancelled and rescinded the Jones

Loan (1) in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.    Defendants have violated TILA, with respect to the Jones Loan (1), in at

least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C.
§ 1635(b), including the steps necessary or appropriate to reflect
the termination of the security interest and returning all money
paid by Plaintiffs in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs' right to cancel the
transaction.

WHEREFORE, Plaintiffs Michael and Debbie Jones respectfully request that this

Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. §

1640(a), award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Jones Loan (1), including a declaration that the Plaintiffs
        are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under
        the mortgage transaction is void, and an order requiring Ameriquest to
        release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone,
        including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to
        Ameriquest, but in the alternative, if tender is required, a determination of
        the amount of tender obligation in light of all of the Plaintiffs' claims, and
        an order requiring Ameriquest to accept tender on reasonable terms and
        over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Kervin Loan**

57.     Plaintiff William Kervin is an adult resident of Covington County,
Alabama, and at all material times resided at 13422 Pinewood Road in Andalusia,
Alabama.

58.     On or about December 19, 2005, Mr. Kervin obtained a residential real
estate mortgage loan with Ameriquest. The total amount of the loan was $70,710 and
was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter
referred to as the "Kervin Loan").

14

59.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

60.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Kervin retained his right to cancel the transaction.

61.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

62.    By letter dated February 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

63.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

64.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

65.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT FOUR
### TILA Violations- Kervin

66.     Plaintiff realleges all the preceding allegations referenced as if set out here
in full.

67.     Plaintiff has properly and effectively cancelled and rescinded the Kervin
Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

68.     Defendants have violated TILA, with respect to the Kervin Loan, in at
least the following ways:

      (A)     By failing to take actions after rescission as required by 15 U.S.C.
§ 1635(b), including the steps necessary or appropriate to reflect
the termination of the security interest and returning all money
paid by Plaintiff in connection with the loan; and

      (B)     By failing to give proper notice of Plaintiff's right to cancel the
transaction.

WHEREFORE, Plaintiff William Kervin respectfully requests that this Court
enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a),
award the following relief:

      A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

      B)     Actual damages in an amount to be determined at trial;

      C)     Rescission of the Kervin Loan, including a declaration that the Plaintiff is
not liable for any finance charges or other charges imposed;

      D)     A declaration that the security interest in Plaintiff's property created under
the mortgage transaction is void, and an order requiring Ameriquest to
release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jones Loan (2)**

69.    Plaintiff Janie Jones is an adult resident of Chambers County, Alabama, and at all material times resided at 7 Laurel Drive in Valley, Alabama.

70.    On or about February 2, 2006, Ms. Jones obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $100,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jones Loan (2)").

71.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

72.    With respect to the Jones Loan (2), Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation

17

period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

73.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Jones retained her right to cancel the transaction.

74.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

75.     By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

76.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

77.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

78.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT FIVE
### TILA Violations- Jones (2)

79.    Plaintiff realleges all the preceding allegations referenced as if set out here

in full.

80.    Plaintiff has properly and effectively cancelled and rescinded the Jones

Loan (2) in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

81.    Defendants have violated TILA, with respect to the Jones Loan (2), in at

least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C.

           § 1635(b), including the steps necessary or appropriate to reflect

           the termination of the security interest and returning all money

           paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the

           transaction.

WHEREFORE, Plaintiff Janie Jones respectfully requests that this Court enter

judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a),

award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)    Actual damages in an amount to be determined at trial;

    C)    Rescission of the Jones Loan (2), including a declaration that the Plaintiff

        is not liable for any finance charges or other charges imposed;

    D)    A declaration that the security interest in Plaintiff's property created under

        the mortgage transaction is void, and an order requiring Ameriquest to

        release such security interest;

19

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Prater Loan**

82.      Plaintiffs Robert and Michelle Prater are adult residents of Lee County, Alabama and at all material times resided at 512 Lee Road 207 in Phenix City, Alabama.

83.      On or about April 25, 2006, Mr. and Mrs. Prater obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $104,338 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Prater Loan").

84.      Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

85.      As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Prater retained their right to cancel the transaction.

86.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

87.    By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

88.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

89.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

90.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

### COUNT SIX
### TILA Violations- Prater

91.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

92.    Plaintiffs have properly and effectively cancelled and rescinded the Prater Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

93.    Defendants have violated TILA, with respect to the Prater Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Robert and Michelle Prater respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Prater Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Bridges Loan**

94.      Plaintiff LaFranco Bridges is an adult resident of Lee County, Alabama, and at all material times resided at 3000 Park Court in Opelika, Alabama.

95.      On or about June 27, 2006, Mr. Bridges obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $94,000 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Bridges Loan").

96.      Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

97.      With respect to the Bridges Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

98.      As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Bridges retained his right to cancel the transaction.

99.      On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

23

100.    By letter dated February 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

101.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

102.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

103.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT SEVEN
### TILA Violations- Bridges

104.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

105.    Plaintiff has properly and effectively cancelled and rescinded the Bridges Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

106.    Defendants have violated TILA, with respect to the Bridges Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff LaFranco Bridges respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Bridges Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Pace Loan**

107.    Plaintiff Mattie Pace is an adult resident of Macon County, Alabama, and at all material times resided at 1406 Shipyard Street in Tuskegee, Alabama.

108.    On or about November 28, 2006, Ms. Pace obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Pace Loan").

109.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

110.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Pace retained her right to cancel the transaction.

111.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

112.    By letter dated February 11, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

113.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

114.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

115.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT EIGHT
### TILA Violations- Pace

116.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

117.    Plaintiff has properly and effectively cancelled and rescinded the Pace Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

118.    Defendants have violated TILA, with respect to the Pace Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

27

WHEREFORE, Plaintiff Mattie Pace respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Pace Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.


**[SIGNATURES TO APPEAR ON FOLLOWING PAGE]**

WILLIAM H. ROBERTSON, V
ASB-9142-L74R

C. LANCE GOULD
ASB-0913-G66C
Attorneys for Plaintiffs

*OF COUNSEL:*
**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555

**JURY DEMAND**

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

OF COUNSEL

29

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

AMC Mortgage Services, Inc.
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

ACC Capital Holdings Corporation
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

Citi Residential Lending, Inc.
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

# EXHIBIT
# 2

# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

In re

AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL Docket No. 1715

## DEFENDANTS'[1] NOTICE OF RELATED ACTIONS

Defendants, through the undersigned counsel, hereby notify the Clerk of the Judicial

Panel on Multidistrict Litigation (the "Panel") of the pendency of the additional related actions

listed in the attached Schedule. These cases share common questions of fact with the cases

before the panel in Docket Number 1715 and are therefore related actions for the purposes of this

proceeding.

By way of background, on or about December 13, 2005, the Panel issued a Transfer

Order, pursuant to which it granted the motion to transfer pursuant to 28 U.S.C. § 1407 (the

"Motion") filed by plaintiffs in Cheryl Williams and Duvall Naughton v. Ameriquest Mortgage

Company, Case No. 05-CV-6189 (S.D. N.Y.) ("Williams"). The Panel ordered each identified

action in the Motion transferred to the United States District Court for the Northern District of

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town &
Country Credit Corporation; ACC Capital Holdings Corp.; Ameriquest Capital Corporation; Town & Country Title
Services, Inc. and Ameriquest Mortgage Securities, Inc.

Illinois, The Honorable Marvin E. Aspen presiding (the "Transferee Court"), for pretrial

proceedings. In the Transfer Order, the Panel specifically held as follows:

> On the basis of the papers filed and hearing session held, the Panel
> finds that these five actions involve common questions of fact, and
> that centralization under Section 1407 in the Northern District of
> Illinois will serve the convenience of the parties and witnesses and
> promote the just and efficient conduct of this litigation. All five
> actions before the Panel concern allegedly predatory lending
> practices by Ameriquest Mortgage Co., or a related entity, in
> soliciting and closing residential mortgage transactions; among
> other things, plaintiffs allege that Ameriquest failed to disclose
> material terms and engaged in so-called bait-and-switch tactics.
> Centralization under Section 1407 is necessary in order to
> eliminate duplicative discovery; prevent inconsistent pretrial
> rulings, including those with respect to class certification; and
> conserve the resources of the parties. [pp. 1-2.]

Ameriquest opposed the Motion, and by this notice, reconfirms that it does not waive, but

rather expressly preserves (for all purposes, including any appeals), all arguments raised in

opposition to the Motion and all objections to the Transfer Order. These arguments and

objections include, without limitation, those based on Federal and State Constitutional grounds,

including but not limited to Due Process and Equal Protection under the law.

Nevertheless, pursuant to Rules 1.1, 7.4 and 7.5 of the Rules of Procedure of the Panel

(the "Rules") Defendants are compelled to identify the following actions as potential "Tag

Along" actions as such actions are defined by the Rules.

The "Tag Along" actions are detailed in the attached Schedule. Corresponding

complaints are also attached herewith in a folder labeled with the corresponding case name and

action number for your convenience.

Defendants are continuing to locate additional potential "Tag Along" actions and

anticipate further supplemental designations.

Respectfully submitted,

DATED: April 1, 2008

By: _____
       Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; ACC Capital Holdings Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

# SCHEDULE

| DISTRICT DIV./CIVIL ACTION NO. | CASE NAME |
|---|---|
| **ALABAMA** | |
| United States District Court for the Northern District of Alabama, Case No. 08-CV-00511 | *Byrd, et al. v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Southern District of Alabama, Case No. 08-CV-00096 | *Cowart, et al. v. Ameriquest Mortgage Company* |
| United States District Court for the Middle District of Alabama, Case No. 08-CV-00205 | *Parker, et al. v. Ameriquest Mortgage Company, et al* |
| **CALIFORNIA** | |
| United States District Court for the Eastern District of California, Case No. 07-CV-02691 | *Willis v. Citi Residential Lending, et al.* |
| **ILLINOIS** | |
| United States Bankruptcy Court for the Southern District of Illinois, Case No. 08-ap-04023 | *Delaney, et al. v. AMC Mortgage Services, Inc., et al.* |
| United States District Court for the Northern District of Illinois, Case No. 08-CV-01386 | *Mejia, et al. v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Northern District of Illinois, Case No. 08-CV-00992 | *Tucker v. Argent Mortgage Company* |
| **MARYLAND** | |
| United States District Court of Maryland, Case No. 07-CV-00857 | *Oladokun v. Ameriquest Mortgage Company* |
| **MICHIGAN** | |
| United States District Court for the Eastern District of Michigan, Case No. 08-CV-10478 | *Whitsett, et al. v. Ameriquest Mortgage Co., et al.* |
| **MISSOURI** | |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00181 | *Dennett, et al. v. Ameriquest Mortgage Compan, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00179 | *Jones v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00182 | *Miller v. Ameriquest Mortgage Company* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00183 | *Potts, et al. v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00184 | *Suppenbach, et al. v. Ameriquest Mortgage Company, et al.* |

| DISTRICT-DIV/CIVIL ACTION NO. | CASE NAME |
|---|---|
| United States District Court for the Western District of Missouri, Case No. 08-CV-00180 | *Todd v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00178 | *Waterworth, et al. v. Ameriquest Mortgage Company, et al.* |
| **OHIO** | |
| United States District Court for the Northern District of Ohio, Case No. 07-CV-03781 | *Meek, et al. v. Ameriquest Mortgage Corporation, et al.* |
| **PENNSYLVANIA** | |
| United States District Court for the Western District of Pennsylvania, Case No. 08-CV-00210 | *Lewark v. AMC Mortgage Services, et al.* |
| **TEXAS** | |
| United States Bankruptcy Court for the Western District of Texas, Case No. 08-ap-01008 | *Carter, et al. v. Ameriquest Mortgage Company, et al.* |